Good morning, Your Honors. May it please the Court, my name is Brian Bromberg and I represent the Plaintiff Appellant Faith Labadie. The issue here, Your Honors, is whether repossessing a consumer's vehicle over the consumer's repeated objections by first using a motor vehicle to barricade and box in the consumer's vehicle for at least 20 minutes, thereby preventing the consumer from leaving with her minor son for going back to Ronald McDonald House where they were staying for his dinner. And then allowing the consumer to drive to Ronald McDonald House only after threatening the consumer with calling the police, presumably for criminal prosecution, if the consumer did not turn over her vehicle or attempted to deviate from going to Ronald McDonald House constitutes a breach of the peace and therefore a violation of the Fair Debt Collection Practices Act. Now the court below dismissed the case on 12B6 grounds holding that this did not constitute a breach of the peace. What is a breach of the peace? Well, Your Honor, a breach of the peace is, under New York law, a disturbance of public order by an act of violence or by any act likely to produce violence or which by causing consternation and alarm disturbs the peace and quiet of the community. And that is Hilleman v. Cobado, 131 Miscellaneous 2nd, 206 at page 210. And it's quoting the case of... There was no act of violence here, I gather? There was no act of violence, but there were actions that... Was there a threat of violence? There was no threat of violence. There was, however, threats of illegal acts. There was the act of boxing this woman in for 20 minutes. Because you made this argument, which I didn't understand why you were trying to argue that we should adopt a rule for New York courts that an objection or multiple objections is enough. Even the definition that you just read from the Hillman case is so far from the idea that... I know there are some states, obviously, that have that rule, but there is no precedent in New York for this idea that an objection or even multiple objections be enough to constitute a breach of peace, right? I understand you have more here than that, but why are you even arguing that point here? Why should that be our holding? Your Honor, I'm just trying to establish a bright line rule here. I understand that, but the bright line rule is going to be established at 30 Eagle Street in Albany at the New York Court of Appeals, not here. And so we take New York law as we find it, not as we would like it to be. That was a conversation I used to have. And I don't understand the machinations that the courts go through. New York law is fairly clear. A disturbance of public order by any act of violence or any act likely to produce violence, causing consternation or alarm. I mean, that's the rule. You may not like it because you'd like it to be brighter, but those are the cards you're dealt. So I think, with all due respect, arguing that we should adopt some bright line rule, that's not what we do. That we try to understand what New York law is. We read the New York cases and distill from the New York pronouncements what the New York rule is. And the New York rule seems to be fairly well defined. You may not like it, but it seems to be fairly well defined. Well, your honor, the New York rule, okay. Do you want us to certify this to the New York Court of Appeals? I don't believe it's necessary, your honor. New York law is well established already? Well, I think we have, right now we have, your honor, from the fourth department. We have a judge from the eastern district. We have a judge from the southern district. I'm sorry. We interpret New York law and give our best estimate of what we think the New York law is, but we don't make it. Our pronouncements are not the final word on this. That comes from New York courts, and so we're always looking to New York courts. We're reading New York cases. For us to establish a bright line rule and say, well, the New York rule is kind of vague, and so we don't want to use that. We're going to give you a bright line rule. I mean, I'm sorry, that's not what we do. Your honor, I believe that the bright line rule is in accord with this, the law that I just quoted. The idea is that the bright line rule is consistent with and or a modest extrapolation from existing New York laws. Is that it? Exactly. Yes, your honor. Let me stick to the Hillman definition. Okay. Let's assume that's what we're going to go with. Under your allegations, it seems to me there are two things that you would point to that were acts that would likely lead to some type of violence or disturbing of the peace. That would be blocking the car in, right? Yes. And telling someone if they veer off the route that the police are going to be called, right? Yes. So are those, am I identifying what would be the allegations that you would say would satisfy the Hillman definition or not? Well, there are also the multiple oral objections, your honor. I know, but again, that- I mean, who commits the breach of peace? It can't be the, I'll use the term victim. I mean, her action can't be what's contemplated as the breach of peace, right? So how could an objection from the person be considered a breach of peace? Well, the objection would put the defendant on notice that this has the likelihood- The defendant isn't making the objection. The defendant isn't committing the breach of peace. The mere fact that someone makes an oral objection, how can that be a breach of the peace? Because, your honor, it becomes likely that when someone's made an oral objection, and especially in this case, she was actually- It's the plaintiff's act. The plaintiff's act is then attributable to the defendant? The defendant's decision to continue trying the repossession after the person has already objected, the person has sat in their car with the minor's son, the person has objected when they got to Ronald McDonald House, the fact that the person is continually objecting puts them on notice and makes it more likely that there will be a more serious problem here. Did she consent by saying, let us go to the Ronald McDonald House and then you can have the car? No, absolutely not, your honor. She objected when they got to the Ronald McDonald House as well. By saying, let us go- wasn't she saying implicitly, if you let us go to the Ronald McDonald House, then you can have the car? No, your honor. No? She said, I need to go to the Ronald McDonald House, please let me go to the Ronald McDonald House. And they said to her, if you deviate or you do not turn over the car when you get there, we will call the police. Now the only purpose- Did she agree to that? No, she went. She didn't agree to it, she went. How? I mean, under these circumstances, there's no agreement, so you basically- All right. Okay. Thank you. Can I get a rebuttal? Thank you. We have Mr. Werner. Good morning, may it please the court. My name is Mr. Werner, Matthew Werner, and I represent New Era Towing and Service. New Era asks this court to affirm the district court's order holding that the repossession did not breach the peace, as that phrase is defined under New York law. There are two New York law cases that I'd like to point out that were cited in the motion papers below that I think addresses Your Honor's questions. One is Chernow, which is 54 miscellaneous second 277, where a repossessing agent entered a bank with an illegal key to repossess collateral. That was held not to breach the peace. There's another New York case, Global Casting Industries, 105 miscellaneous second 517. The court held as a matter of law, repossession agents did not breach the peace when they allegedly cut chains for the purpose of entering the building. I know, but those deal with trespasses cases and things like that. I tried to identify what I thought are the two facts that are most significant, which is blocking a car and threatening to call the police if someone goes off a route. Why isn't either of those things potentially something that could escalate to the point where there could be violence and a breach? There are a lot of cases, not a lot of New York cases out there, but there are cases in other courts applying that type of standard that have said, invoking the police is likely to lead to a big disturbance. So what's your response to that? My response is it's context. This happened in a public place, the mall, the barricading. There is no law against barricading a car. There may be no law, but it's not likely that someone might try to still get through there and ram a car or something like that. I couldn't find cases involving barricading that suggested that barricading is no problem. That's not going to breach any peace. Right? Isn't going to run the risk the person's going to try to plow through the car? There are cases where people have tried to drive off the towing mechanism, but that's not this case. In barricading, it's context. Again, the woman saw the case, and this is all based on the pleadings. That's one thing that I want to emphasize. What we're tied to is the pleadings of the complaint, and the complaint does not allege. It alleges that her car was barricaded, but it states that she went in her car with her son. My client, the agent, went over, explained what he was going to do. She objected to it. Then they came to a compromise. The compromise was you could drive to the Ronald McDonald's house. I'm going to follow you. If you don't, if you veer off or you don't, I'm going to call the police. Right. But they can't invoke the police in that situation. As a matter of fact, she drove off. You can't call the police and tell them to arrest her, right? Correct. So that was a lie. They couldn't seek police enforcement to do that. They lied to her about that, right? I don't think it's a lie. You don't think it's a threat? I don't think it's a threat. Why else would he say it? There are many reasons. One would be there are cases where police officers were brought to the scene. I think it's the Barrett case, which the district court cited, that the police were ordered to make sure there was not going to be a breach of the police. Isn't that generally where there's been a court proceeding and there's an order of seizure? As opposed to this self-help provision that falls within the UCC? I don't know the answer to that. I looked at those cases. Those are ones where the police are being accused of state action, of some type of impropriety. The cases say that police are allowed to stand there to make sure that there's no breach of the police. It's focused on whether the police were doing something wrong. But there are many, many cases that say when someone repossessing a vehicle tries to utilize police authority to get the car, that that's a problem. That's correct, and I agree with that. All right, so just going back to this, this seems to be pretty close to basically saying you're going to be arrested. The implication of that line is if you veer off of this route, there is an issue of whether or not this was consent on her part, I guess. But if you veer off this route, there's going to be a chase. The police are going to come get you, and if someone is going to defy that, she would be thinking if I veer off this route, they're going to call 911, and I'm going to be in a police chase. And you can see a person reacting in a way there that could definitely cause a problem for the peace of the community, right? I don't think that's a reasonable inference from the pleadings. Why? What am I missing? I think that there was a calm exchange. This is based on the pleadings. It was a calm exchange, and the agent said, if you don't, if you, we've come to the agreement. I believe that there was consent. Ms. Labadee consented to this compromise of driving to the Ronald McDonald house. That's when the agent stated, if you veer off or you don't go through with this, I'm going to call the police. It's not saying that she was going to be arrested, not going to say that- What would they be doing? If she veers off the route and they call the police, what would they be calling the police for other than to arrest her? What would be the point of calling the police in that scenario? I think- What would you say to the police? That I'm trying to repossess the car. And she drove away, and? And I would like to continue repossessing the car. Okay. All right. Okay. Do you have any other questions? Thank you. Okay, thank you. Okay, Mr. Bromberg, you have three minutes. Your Honor, I don't- Your Honors, I don't believe I'll need more than all three minutes. The section on 1983 can be found on pages 10 and 11 on my reply brief, talking about essentially situations where the police are called to stand by and do absolutely nothing. This is a situation where they're threatening to call the police on someone driving a moving vehicle. The only reasonable inference is we're going to have you pulled over and have you arrested. I want to go back to the issue of consent, though. If the vehicle's blocked in, so if they decide, like, we don't- we're not going to let you go to Ronald McDonald House for your son's treatment. We're going to have a tow truck just take the car, right? And she bargains with them to the point where she says, no, if you move the car so I can get out, I'll drive there and give you the car there. Why is that not consent under those circumstances? That's not what we're alleging happened here. What happened here? What happened here is she begged to go to Ronald McDonald House. They said, we'll let you go to Ronald McDonald House, but- They said no, and they just got a tow truck and towed the car away. Then, right? They could have done that, right? With her sitting in the car? That certainly would have been a breach of the peace. You know, but- Was she sitting there at the time they had this conversation? She was in the car? Yes. She actually went into the car. She objected. Then she went into the car with her son, and she objected again. And then she's sitting there while they're waiting for the tow truck. None of that is in the complaint, though, right? What's in the complaint? It's no displeadings, Your Honor. We're at the very beginning of this case. Certainly, we can go forward with some, you know, with depositions, summary judgment. This is the very beginning of the case, Your Honor. You know, have we made out a basic claim? It's not have we anticipated every story that the defendants could come up with. You know, we're at the very start of this. We know there was a minor child. We know there was a threat to call the police. We know there were at least two objections at the time they were at the mall. We know there was a further objection at the time they arrived at Ronald McDonald House. This is all right at the beginning, Your Honor. You're relying primarily on the fact of an objection or multiple objections, it sounds like. Well, no, no. I'm also relying upon the fact that they barricaded her, which is akin to false imprisonment. They kept this woman and her minor son stuck in the spot. And also the threats to call the police were the only reasonable inference, and all inferences have to be drawn in my client's favor, that they were planning on having her pulled over or having the police assist in the repossession when she got to Ronald McDonald House, something which they couldn't do without violating 1983 and facing a lawsuit. The other thing I'd just like to point out is the Hillerman decision, it talks about or an act likely to produce violence. It doesn't say it actually has to produce violence. The other case by Judge Villardo, the Gerbasi case, there was ramming, there were threats of tasers. We don't need to rise to that level. Does the complaint allege a likelihood of violence? I believe that based on what we've alleged in the complaint, there's a likelihood of violence. What facts allege in the complaint suggest there's a likelihood of violence? The blocking in, the barricading of this woman and her minor son, the threats to call the police. You know what, you piqued my interest. You didn't raise a claim of false imprisonment, though, right? No, no, we didn't. I'm saying it's something akin to false imprisonment. No, I know. I was thinking that the first time I read your brief, and I thought it was curious that you didn't. I don't know why the claim of false imprisonment wasn't included. I wasn't involved at the trial level, but it was certainly something akin to false imprisonment. Okay. See, I'm beyond my time. Thank you, Your Honors. Thank you, both. We'll reserve the decision. Have a good day. Thank you.